138–19TH STREET, JACKSON HEIGHTS, INC., Respondent, *v.* ROSCOE H. CANADAY, Appellant.

Second Department, October 26, 1942.

*Samuel Lippman* for appellant.

*Samuel Shapiro* for respondent.

*Per Curiam.* It is apparent on the face of the amended complaint that plaintiff is seeking to recover the difference between the net avails of reletting the defendant's apartment and the rent reserved in the lease between the parties for a period

beyond the term or renewed term of the lease under which the plaintiff re-entered and relet the apartment after the same had been vacated by the defendant. Although it is alleged that the plaintiff acted as defendant's agent in reletting the apartment, such allegation is not supported by the written instruments annexed to the complaint. The automatic renewal clause contained in the lease did not survive the re-entry and reletting by plaintiff for the reason that under the provisions of the lease the re-entry by the plaintiff after the defendant had vacated the apartment constituted a forfeiture of the lease and consequently there was no estate left in the defendant which could be renewed. Even if the re-entry by the plaintiff did not have the effect of a forfeiture of the lease but only of possession of the leased property, the consent to relet contained in the lease defines the scope of the plaintiff's agency for that purpose and it is not broad enough to render the renewal clause operative against the defendant. In any event, the absence of an allegation that the renewal clause was rendered operative by notice to the defendant defeats the cause of action sought to be pleaded in so far as damages accruing since 1934 are involved because of the provisions of section 230 of the Real Property Law (Cons. Laws, ch. 50). No express agency to relet the apartment was conferred on the plaintiff by the defendant's request for the plaintiff's consent to a sub-lease in 1924 or by the sub-lease itself, which was executed by the defendant in his own behalf. The letter addressed to the managing agent of the apartment house constitutes merely a listing of defendant's apartment for rent with such managing agent as broker. The lease and the agreement to purchase shares of the capital stock of the plaintiff define separate rights and measure separate relationships between the plaintiff and defendant and no implication can be drawn from those instruments that the defendant would remain liable for the loss on his apartment so long as he owned shares in the plaintiff corporation. The termination of the landlord and tenant relationship and the continued ownership by defendant of plaintiff's stock are expressly provided for in said instruments and no contrary implication can be drawn therefrom.

The order denying defendant's motion to dismiss the amended complaint should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs.

HAGARTY, CARSWELL, ADEL, TAYLOR and CLOSE, JJ., concur.

Order reversed, etc.